10-4641-cv
Hefferan v. Corda

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
  *Circuit Judges*,
LAURA TAYLOR SWAIN,
  *District Judge*.[*]

-----------------------------------------------------------------
TIMOTHY HEFFERAN,
  *Plaintiff-Appellant*,

    v.                    No. 10-4641-cv

DR. SALVATORE J. CORDA, Superintendent of Norwalk Public Schools, I/O, THE BOARD OF EDUCATION FOR THE CITY OF NORWALK, BRUCE MELLION, President of Norwalk Federation of Teachers, I/O, NORWALK FEDERATION OF TEACHERS,
  *Defendants-Appellees*.[**]

---

[*] Judge Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is respectfully directed to amend the official caption to read as shown above.

```
APPEARING FOR APPELLANT:   Edwin    Camacho, Esq., Norwalk,
                           Connecticut.

APPEARING FOR APPELLEES:   Michael   P.   McKeon, Sullivan Schoen
                           Campane  &  Connon,  LLC,  Hartford,
                           Connecticut, for Dr. Salvatore J. Corda
                           and the Board of Education for the City
                           of Norwalk.

                           Eric  W.  Chester, Ferguson,  Doyle  &
                           Chester, PC, Rocky Hill, Connecticut, for
                           Bruce Mellion and the Norwalk Federation
                           of Teachers.
```

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, Judge) entered on October 12, 2010. UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED in part and VACATED and REMANDED in part.

Timothy Hefferan, a public school teacher employed by the Norwalk Board of Education, appeals from a grant of summary judgment for the school board and its superintendent, Dr. Salvatore Corda (collectively, the "school defendants"), on federal due process claims, and for the teachers union and its president, Bruce Mellion (with the union collectively, the "union defendants"), on his state law claim that the union defendants breached their duty to represent him fairly in disciplinary proceedings brought by the school board.[1] We review an award of

---

[1] The district court had supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367(a). See Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 334-35 (2d Cir. 2006).

summary judgment de novo, construing the facts in the light most favorable to the non-moving party, and resolving all ambiguities and drawing all reasonable inferences against the movant. See Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d 112, 117 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, referencing them only as necessary to explain our decision.

## Procedural Due Process Claims

The district court awarded summary judgment to the school board and Corda on Hefferan's Fourteenth Amendment due process claims because Hefferan failed to file a grievance within the thirty-day period specified in the collective bargaining agreement. Hefferan argues that the union's breach of its duty of fair representation excused him from any exhaustion obligation. Strictly speaking, what is at issue is not exhaustion, which is not a prerequisite to a valid claim under 42 U.S.C. § 1983, see Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 153 (2d Cir. 2010), but the failure of the plaintiff to make use of an adequate post-deprivation remedy such as a grievance hearing.[2]  We have held that such failure will defeat a procedural due process claim on the merits, even if the

---

[2] Hefferan does not argue that the grievance procedures available to him were inadequate to satisfy due process. Grievance procedures contained in collective bargaining agreements have frequently been found adequate in this regard. See, e.g., Adams v. Suozzi, 517 F.3d 124, 128 (2d Cir. 2008) (collecting cases).

3

post-deprivation remedy is no longer available at the time of suit.  See Segal v. City of N.Y., 459 F.3d 207, 218 n.10 (2d Cir. 2006); Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 881-82 (2d Cir.), cert. dismissed, 521 U.S. 1140 (1997).

"[A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies."  N.Y. State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 169 (2d Cir.), cert. denied, 534 U.S. 1128 (2002). Hefferan either knew or should have known of the complained of irregularities prior to the grievance deadline and chose not to take advantage of available process.  Therefore, Hefferan's procedural due process claims fail.

If, as the plaintiff argues, his failure to make use of the grievance procedure is attributable to the union defendants' breach of their duty of fair representation, this fact would not permit the plaintiff's due process claim against the school defendants to proceed.  It might, however, enable him to bring a state law claim for breach of the duty of fair representation against the union defendants, a possibility discussed infra.  See Armstrong v. Meyers, 964 F.2d 948, 951 (9th Cir. 1992); Winston v. U.S. Postal Serv., 585 F.2d 198, 210 (7th Cir. 1978); Gansas v. City of N.Y., 240 F. App'x 435, 438 (2d Cir. 2007).

### Substantive Due Process Claim

"Generally speaking, '[f]or state action to be taken in violation of the requirements of substantive due process [under the Fourteenth Amendment], the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.'"  Kuck v. Danaher, 600 F.3d 159, 167 (2d Cir. 2010) (quoting Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999)).  Here, nothing in the record suggests that the school defendants' actions "shock[] the conscience," Rochin v. California, 342 U.S. 165, 172 (1952), overruled on other grounds by Mapp v. Ohio, 367 U.S. 643 (1961), or constitute a "gross abuse of governmental authority," Natale, 170 F.3d at 263.  The plaintiff's substantive due process claim fails.

### "Stigma-Plus" Defamation and False Light Claims

A defamation action "can be grounded in 42 U.S.C. § 1983 when th[e] plaintiff can demonstrate 'a stigmatizing statement plus a deprivation of a tangible interest.'"  Vega v. Lantz, 596 F.3d 77, 81 (2d Cir. 2010) (quoting Algarin v. Town of Wallkill, 421 F.3d 137, 138 (2d Cir. 2005)).  "[I]n order to bring a successful stigma-plus claim, the plaintiff also must demonstrate that her liberty was deprived without due process of law.  Stated differently, the availability of adequate process defeats a stigma-plus claim." Segal, 459 F.3d at 213.  Because the plaintiff has not established that adequate process was

5

unavailable, his stigma-plus claim fails. The same holds true for the plaintiff's false-light claims, which are identical in all material aspects to the defamation claims.

### Fair Representation Claim

Hefferan argues that there are disputed issues of material fact as to whether the union defendants breached their duty, under Conn. Gen. Stat. § 7-468(d), to represent him fairly with respect to disciplinary proceedings initiated against him by the school board. Because we uphold the district court's judgment insofar as it granted summary judgment to the school defendants on the plaintiff's federal causes of action, we vacate the district court's judgment insofar as it reached the merits of the plaintiff's state law claims against the union defendants, and we remand with instructions to decline to exercise supplemental jurisdiction over the plaintiff's state law claims against the union defendants. See Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir.), ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." (internal quotation marks and citation omitted)), cert. denied, 131 S. Ct. 151 (2010); Oneida Indian Nation of N.Y. v. Madison County, 665 F.3d 408, 444 (2d Cir. 2011) ("We remand with instructions to the district court to decline to exercise supplemental jurisdiction over these claims and to dismiss them without prejudice to their being brought in state court.").

Conclusion

We have considered Hefferan's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED in part as to the plaintiff's federal claims. The judgment is hereby VACATED in part as to any state law claims against the union defendants, and the matter is REMANDED to the district court with instructions to decline to exercise supplemental jurisdiction over any such claims and to dismiss them without prejudice.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE,
Clerk of Court